IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TOMMY CHRIS BARNETT, | * | |
| Petitioner, | * | CASE NO. 3:05-CV-92 WDO |
| | | RULE 60(b)(4) Motion |
| VS. | * | |
| | | CASE NO. 3:92-CR-18 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | | |

## REPORT AND RECOMMENDATION

Petitioner Barnett first indicted on various drug trafficking offenses on September 24, 1992. (R-15). On October 8, 1992, Notice of Retained Counsel was filed on Petitioner Barnett's behalf by Attorney Ed Tolley. (R-23). Thereafter on March 26, 1993, a Superseding Indictment was returned charging Petitioner with eight (8) Counts of drug trafficking offenses. (R-52). Petitioner was tried and found guilty on November 22, 1993, of Counts 1, 3, 4, 7, 8, and 9, of the Indictment, after a six day jury trial throughout which he was represented by Attorney Tolley. (R-157). Prior to pronouncement of sentence, before entry of Judgment, and while still represented by Attorney Tolley, Petitioner Barnett filed *pro se* a Motion For New Trial on December 1, 1993. (R-169). The record does not indicate that the trial court ruled on Petitioner's *pro se* Rule 33 Motion For New Trial.

On March 28, 1994, Petitioner was sentenced to 328 months concurrent imprisonment on the six drug trafficking offenses of which he was convicted. (R-204). Attorney Tolley timely filed a Notice of Appeal on Petitioner Barnett's behalf on April 5, 1994. (R- 206).

On April 13, 1994, Attorney Bruce Steven Harvey filed a Notice of Appearance as Petitioner Barnett's Attorney of Record, together with Notice of Termination of Attorney Tolley as Petitioner's Attorney. (R-208). Attorney Harvey prosecuted Petitioner's Appeal before the Eleventh Circuit Court of Appeals which Affirmed Barnett's Conviction and Sentence on May 15, 1995. (R-216). Petitioner Barnett did not seek *certiorari* and did not file a timely Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. On May 17, 2001, however, he filed a Motion To Dismiss the Indictment For Lack of Jurisdiction (R-227), which was dismissed by this court on August 10, 2001. (R-233). Petitioner filed an Interlocutory Appeal of that denial, and while his appeal was pending, he filed on July 19, 2001, a Motion (R- 229) to Amend his *pro se* Motion For New Trial which he had filed on December 1, 1993 (R-169), together with a Motion To Compel The Government to File a Response to said Motion For New Trial. (R-230).  The Eleventh Circuit Court of Appeals on December 18, 2001, denied Barnett's Motion for a Certificate of Appealability (R-236), and denied as moot, his Motion Before the Appeal Court for the Lower Court to Entertain his Rule 33 Motion. (R-243). In response to Barnett's Motion For Reconsideration, the Eleventh Circuit Court of Appeals on February 5, 2002, stated again, "Appellant's Motion before the Appeal Court for the Lower Court to entertain his Rule 33 Motion is denied as moot." (R-244).

Petitioner Barnett filed on January 8, 2004, a Rule 60(b) Motion Seeking Relief From Judgment and Sentence. (R- 254). The District Court denied this Motion on March 2, 2004 (R-260), and Petitioner Barnett appeal that decision.  On August 30, 2005, the Eleventh

2

Circuit Court of Appeals affirmed the decision of the District Court noting that:

> In May 2001, Barnett filed a *pro se* motion to dismiss the indictment for lack of jurisdiction. The district court denied this motion. While Barnett's appeal was pending, he filed in this Court a "Motion Before the Appeal Court for the Lower Court [to] Entertain his Rule 33 Motion [for New Trial]." We denied Barnett a certificate of appealability and denied his motion as moot.

(R-269 at 2). Petitioner Barnett has now filed under date of October 24, 2005, a Rule 60(b)(4) Motion "to void Judgment on Jurisdictional, Structural, and Procedural Error of The Court, i.e., The Trial Court failed to entertain Petitioner's *pro se* Motion For A New Trial under Rule 33, before imposing sentence in this case at bar." Petitioner argues, "[T]he recent Supreme Court decision in *Gonzalez v. Crosby,* [125 S.Ct. 2641, June 23, 2005], allows Petitioner to seek relief from a final judgment, and request to reopen his case under limited circumstances (as here) under Rule 60(b) on procedural error and a motion like Petitioner's challenging the district court's failure to rule on the merits of his motion for a 'New Trial' pursuant to Rule 33."

There is no dispute that the *Gonzalez* Court authorized the filing of motions under Rule 60(b) upon procedural error. The question presently before this court is whether there was any "procedural error" to be raised by Petitioner Barnett as an issue under Rule 60(b). The Eleventh Circuit Court of Appeals has twice found that Petitioner's Motion For the trial court to rule on his *pro se* Motion For New Trial is a moot issue. Moreover, the trial court's failure to recognize or rule on the *pro se* Motion For New Trial never constituted procedural error.

3

**Conclusion of Law**

Petitioner Barnett was at all times in his trial and in the appeal thereafter represented by retained counsel. He was represented by Attorney Tolley when he took it upon himself to file *pro se* a Motion For New Trial after the jury verdict finding him guilty of the offenses charged. In that regard and overlooking for the moment any question of Petitioner's authority to file pleadings in disregard of his Attorney of Record, the court should take note that Rule 33(b)(2), F.R.Cr.P., provides:

> Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty or within such further time as the court sets during the 7-day period.

Petitioner Barnett was convicted by jury verdict returned on November 22, 1993, and did not file his *pro se* Motion For New Trial until December 1, 1993, the ninth day after the jury's finding of guilty. Petitioner's *pro se* Motion was not grounded on newly discovered evidence and was, therefore, filed outside the time limit of Rule 33(b)(2). The 7-day time period is jurisdictional and no motion for a new trial filed beyond the 7-day period, without court order obtained within the 7-day period, may be entertained unless it is based on newly discovered evidence. *United States v. Brown,* 742 F.2d 363, 368 (7th Cir. 1984). Petitioner's grounds stated in his *pro se* Motion For New Trial were that (1) the evidence was insufficient to support the verdict, (2) the Court improperly charged the jury, and (3) the defendant's counsel was ineffective. (R-169).

The trial court committed no procedural error in disregarding Barnett's Motion as out-of-time and as a nullity barred by the very language of Rule 33 itself. Worthy of note is the fact that Petitioner's Attorney of Record, Ed Tolley, subsequently, and appropriately after sentencing, filed a timely Notice of Appeal on Petitioner Barnett's behalf.

Nonetheless, criminal defendants have a constitutional right to forego the assistance of counsel and to represent themselves instead. The Supreme Court found this right in the Sixth Amendment in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525 (1975). "A criminal defendant is both constitutionally and statutorily entitled to waive his Sixth Amendment right to counsel and proceed *pro se* in a federal criminal trial. *See Faretta,* 422 U.S. at 835-36, 95 S.Ct. At 2541-42; 28 U.S.C. § 1654. . . . In order to invoke the right, however, the defendant must 'clearly and unequivocally' assert his intention to represent himself, *United States v. Reddick,* 22 F.3d 1504, 1510 (10th Cir. 1994), and this assertion must be timely, *see United States v. Nunez,* 877 F.2d 1475, 1478 (10th Cir.) (holding that the third day of trial was too late to invoke the right to self-representation), *cert. denied,* 493 U.S. 981, 110 S.Ct. 514 (1989). . . . Moreover, there is no constitutional right to a hybrid form of representation, that is, representation in part by the defendant and in part by counsel." *United States v. McKinley,* 58 F.3d 1475, 1480 (10th Cir. 1995).

In *Dorman v. Wainwright,* 789 F.2d 1358 (11th Cir. 1986), or Court found that:

> In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975), the
> United States Supreme Court held that a criminal defendant in
> this country has a constitutional right to be his own lawyer, a
> Sixth Amendment right which, while difficult to discern from
> the text of the Constitution, is propabley in harmony with the

5

> cultural character of the American people. *See McKaskle v. Wiggins,* 465 U.S. 168, 176-77, 104 S.Ct. 944, 950-51 (1984). . . . But unlike other constitutional right, the right to allow the be one's own counsel can easily be overlooked or waived if a defendant does not properly invoke the right or inadvertantly waives it through some procedural misstep.

*Id.,* at 1366.

> In *Faretta,* the Court noted that the petitioner had "clearly and unequivocally declared to the trial judge" his desire to proceed pro se. *Faretta,* 422 U.S. at 835, 95 S.Ct. At 2541. In *Brown v.Wainwright* (665 F.2d 607 (5th Cir., Unit B 1982, (en banc),[1] provided guidelines for determining when the **mutually exclusive right** to counsel and the right to self-representation were in operation. 665 F.2d at 610-12. *Brown* held that the right to counsel was preeminent over the right to self-representation in the sense that the former attached automatically and had to be affirmatively waived to be lost whereas the latter did not attach unless and until it was *asserted*. *Brown,* 665 F.2d at 610. (Bold Emphasis added; other emphasis in original).

Petitioner Barnett never moved the trial court to dismiss his retained counsel and/or for self-representation, neither before nor after he attempted to file a *pro se* Motion For New Trial. After he was sentenced, Barnett retained different counsel for his appeal, but only after his first retained counsel had preserved his right to appeal by filing a timely Notice of Appeal. At no time did Petitioner Barnett *clearly and unequivocally* demonstrate an intention to represent himself in any phase of his case. To the contrary, he had retained

---

[1] * In **Bonner v. City of Prichard**, 661 F.2d 1206 (11th Cir. 1981) *en banc,* the 11th Circuit Court of Appeals adopted as precedent the decisions of the Former Fifth Circuit pending before the inception of the Eleventh Circuit Court of Appeals.

6

counsel at all times from trial through appeal. In his unauthorized *pro se* filing of an untimely Motion For New Trial, Petitioner Barnett attempted the *hybrid form of representation* to which he had no constitutional right. *See United States v. Lucas,* 619 F.2d 870, 871 (11th Cir. 1980)(A trial court does not abuse its discretion in denying a defendant a hybrid representation arrangement in which he could participate as co-counsel and still have the services of retained or appointed counsel in more than an advisory role.).

The trial court committed no procedural error upon which a Rule 60(b)(4) Motion might be sustained.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Rule 60(b)(4) Motion To Void Judgment be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 27 day of October 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE