# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| TOMMY CHRIS BARNETT, | * |
|     Petitioner, | * |
| VS. | *    CASE NO. 3:08-CV-90011 CAR |
| |        RULE 12(b)(2) Motion |
| UNITED STATES OF AMERICA, | *    CASE NO. 3:92-CR-18 WDO |
|     Respondent. | * |

## REPORT AND RECOMMENDATION

Petitioner Barnett was first indicted on various drug trafficking offenses on September 24, 1992. (R-15). On March 26, 1993, a Superseding Indictment was returned charging Petitioner with eight (8) Counts of drug trafficking offenses. (R-52). Petitioner was tried and found guilty on November 22, 1993, of Counts 1, 3, 4, 7, 8, and 9, of the Indictment, after a six day jury trial. (R-157). On March 28, 1994, Petitioner was sentenced to 328 months concurrent imprisonment on the six drug trafficking offenses of which he was convicted. (R-204). He appealed his conviction and sentence and the same were affirmed by the United States Court of Appeals for the Eleventh Circuit on May 15, 1995. (R-216). Petitioner Barnett did not seek *certiorari* and did not file a timely Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. On May 17, 2001, however, he filed a Motion To Dismiss the Indictment For Lack of Jurisdiction (R-227), which was dismissed by this court on August 10, 2001. (R-233). Petitioner filed an Interlocutory Appeal of that denial (R-230), to which the Circuit Court of Appeals, on December 18, 2001, denied Certificate of Appealability. (R-236).

On January 8, 2004, Petitioner Barnett filed a Rule 60(b) Motion Seeking Relief From Judgment and Sentence. (R- 254). The District Court denied this Motion on March 2, 2004 (R-260), and Petitioner Barnett appealed that decision. On August 30, 2005, the Eleventh Circuit Court of Appeals affirmed the decision of the District Court noting that:

> In May 2001, Barnett filed a *pro se* motion to dismiss the indictment for lack of jurisdiction. The district court denied this motion. While Barnett's appeal was pending, he filed in this Court a "Motion Before the Appeal Court for the Lower Court [to] Entertain his Rule 33 Motion [for New Trial]." We denied Barnett a certificate of appealability and denied his motion as moot.

(R-269 at 2). Petitioner Barnett filed a second Rule 60(b) Motion under date of October 24, 2005, "to void Judgment on Jurisdictional, Structural, and Procedural Error of The Court," which was also rejected by the Circuit Court of Appeals when it again affirmed the District Court. (R-297).

Barnett has now, on April 11, 2008, filed DEFENDANT'S RULE 12(B)(2) MOTION WITHOUT LIMITATION OF TIME, OBJECTION TO THE JURISDICTIONAL DEFECTIVE INDICTMENT AND THE PROCEDURAL PROCESS THEREUNDER (R-298), and a Motion that the court make a sua sponte ruling on the jurisdiction issue. (R- 299). Petitioner Barnett argues that failure to raise objections earlier in the district court or the Court of Appeals, does not preclude this court from vacating and reversing Defendant's conviction and sentence, on Petitioner's claim that the Superseding Indictment did not charge a felony drug offense and that this objection is not waived nor time barred. Barnett cites, as Eleventh Circuit authority, *Howard v. United States,* 374 F.3d 1068, 1071(2004), for his proposition and argument that, "A jurisdictional

2

defect cannot be waived or procedurally defaulted and a defendant seeking post-conviction relief need not show cause and prejudice to justify his failure to raise one." *Id.* at 1071. Petitioner Barnett should note that *Howard* was a § 2255 case, but moreover that *Howard* was not decided in his favor. The *Howard* Court held that:

> The legal premise for Howard's position is based upon language wrenched from its context in the *Lackawanna*[1] and *Custis*[2] opinions. . . . Compliance with contemporaneous objection rules is a procedural prerequisite for relief on *Gideon*-related grounds in a § 2255 proceeding. That much is clear from the Supreme Court's opinion in *Daniels v. United States,* 532 U.S. 374, 121 S.Ct. 1578 (2001).
> "A habeas petitioner can escape the procedural default doctrine either through showing cause for the default and prejudice, or establishing a fundamental miscarriage of justice." *Bailey v. Nagle,* 172 F.3d 1299, 1306 (11th Cir. 1999). In order to show the type of "miscarriage of justice" that will excuse a procedural bar, a petitioner must make "a colorable showing of actual innocence." *Id.* Howard has not attempted to do that.

*Id.* Likewise, Petitioner Barnett has made no attempt to show his actual innocence. His contention is that the district court lacked jurisdiction over his case, because the Indictment upon which he was tried failed to charge felony drug offenses. The Indictment charged Petitioner with violations of 21 U.S.C. § 846 and § 841(a)(1), in multiple counts of Conspiracy to traffic in cocaine, and he was sentenced under 21 U.S.C. § 841(b)(1)(B)(iii). No court has ever held these not to be felony offenses, and none of the statutes involved provide for misdemeanor treatment.

---

[1] *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 404, 121 S.Ct. 1567, 1574 (2001).

[2] *Custis v. United States,* 511 U.S. 485, 496, 114 S.Ct. 1732, 1738 (1994).

3

Clearly, Petitioner Barnett's present Motion is directed to vacating or setting aside his conviction and sentence, the procedure for which is a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. Just because Barnett failed to timely file a first § 2255 Motion, does not permit him to file such a motion under some other name at this late date, without complying with 28 U.S.C. § 2244. Petitioner's time to file a § 2255 Motion to vacate his sentence has long since passed, and this court is without jurisdiction to entertain his present motion to vacate his conviction and sentence unless and until the United States Court of Appeals for the Eleventh Circuit authorizes this court to do so pursuant to 28 U.S.C. § 2244. "The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (citing *Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Barnett's Motions be DISMISSED, that he may petition the United States Court of Appeals for the Eleventh Circuit. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 14th day of April 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

4